AMY, J.,
dissenting.
I respectfully dissent from the majority decision. Notwithstanding the parties’ positions regarding subject matter jurisdiction, I point out that the “Motion to Compel Retainer of Licensed Claims Adjuster” relies upon the application of La.R.S. 23:1161.1(A). The statute provides that “[a]ny insurer ... who issues a policy for workers’ compensation in this state shall either establish and maintain a claims office within the state or retain a licensed claims adjuster.” (Emphasis added.)
As represented in the opposition to the writ application, and as observed by the majority, Gallagher Bassett maintains a claims office within Louisiana. Thus, it has fulfilled La.R.S. 23:1161.1(A) by satisfying the first of two methods permitted by the statute. Requiring the respondent to further “retain a licensed claims adjuster” eliminates the statute’s use of the terms “either” and “or[.j” And, by its singular request that the “Employer/Insurer be compelled to retain a licensed claims adjuster, with an office located in the State of Louisiana[,]” the motion to compel simply collapses the two methods of compliance set forth by the statute.
Finding the statute satisfied, I would deny the present writ application.